UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff/Third-Party Defendant,

v.                                               Case No. 1:09-CV-401

DUANE J. STANTON,                        HON. GORDON J. QUIST

    Defendant/Third-Party Plaintiff,

v.

TROTT & TROTT, P.C., et al.,

    Third-Party Defendants.
_____/

## OPINION

Plaintiff, Federal National Mortgage Association (FNMA), filed this action against Defendant, Duane J. Stanton (Stanton) in the State of Michigan, 2d District Court, 2d Division, on April 23, 2009, when it filed a Complaint for Termination of Tenancy in that court. Stanton removed the case to this Court on May 4, 2009, alleging both federal question jurisdiction and diversity jurisdiction as bases for removal. Presently before the Court is FNMA's Motion to Remand Case and Dismissal or Summary Judgment as to Complaint. For the reasons set forth below, the Court will grant the motion to remand.

In February of 2008, Stanton defaulted on a note and mortgage that he had executed in favor of FNMA's predecessor-in-interest, Sky Bank, which later became Huntington National Bank by merger, covering certain real property commonly known as 4770 Genesee Road, Jonesville, Michigan 49520-9655. Huntington National Bank purchased the property at a Sheriff's Sale on August 22, 2008, after Stanton defaulted on the note and mortgage. Huntington National Bank

assigned its interest in the property to FNMA by quitclaim deed dated August 25, 2008. Stanton failed to redeem the property within the six-month redemption period. Thereafter, FNMA initiated Summary Proceedings under Michigan law to evict Stanton. Following a hearing in the Summary Proceeding on May 4, 2009, the state district court entered a judgment awarding possession to FNMA. Stanton filed his Notice of Removal the same day.

In support of its Motion to Remand, FNMA argues that removal was improper because the state court proceeding was based solely upon state law, and therefore, this Court lacked subject matter jurisdiction over the case. Both the state court complaint attached to the Notice of Removal and the documents FNMA submits in support of its motion show that FNMA's complaint in state court was based solely upon state law – a Summary Proceeding for eviction under Michigan law. Thus, FNMA is correct that this Court lacks federal question jurisdiction over this action.

FNMA does not discuss the possibility of diversity jurisdiction in its motion. When a plaintiff chooses to file suit in state court, a defendant may remove the case to federal court if there is complete diversity of citizenship among the parties involved and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332, 1441(a). However, removal based upon diversity is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). *See also Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 654, 657 (N.D. Tex. 2001) (noting "the procedural bar against removal by an in-state defendant"). Stanton is a resident of Michigan, and therefore could not remove the eviction action based upon diversity of citizenship. *Fed. Nat'l Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) ("LeCrone could not remove the action under 28 U.S.C. § 1441 because removal of a diversity case is available only if the defendant is not a citizen of the state in which the action is brought."). Thus, Stanton, an in-state defendant, could not have removed the action to this Court.

At the time of removal, Stanton filed a document titled "Suit for Permanent Injunction Against Violation Rights, and Other Relief," which has been docketed as a Third-Party Complaint. FNMA contends that this filing is improper and requests that the Court dismiss it or grant FNMA summary judgment on it. Because removal was improper in the first instance, the Court declines to address the propriety of the Third-Party Complaint and will remand the entire case without addressing the procedural or substantive merits of the purported pleading.

Accordingly, the Court will grant FNMA's motion and remand the case to state court pursuant to 28 U.S.C. § 1447(c).

An Order consistent with this Opinion will be entered.


Dated: July 22, 2009                                           /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE